IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRO T. HESED-EL,

    Plaintiff,

v.   CV 119-162

ALDRIDGE PITE, LLP; BRAGG &
ASSOCIATES REAL ESTATE, LLC;
WELLS FARGO BANK N.A.; and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

# O R D E R

Before the Court is Plaintiff's Affidavit in Support of Amended Complaint and Demand for Substitute Judge – 28 U.S. Code § 144. (Doc. 15.) For the reasons below, Plaintiff's motion is **DENIED**.

The Court is eminently familiar with Plaintiff.[1] See Hesed-El v. McCord, No. 117-146, 2019 WL 5092476, at *1 (S.D. Ga. Oct. 10, 2019) (identifying eleven cases filed by Plaintiff over three years). Because Plaintiff proceeds *pro se*, the present motion is construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). With the foregoing in mind, the Court begins with the fact Plaintiff titled the present motion, in part, "Affidavit in Support

---

[1] The present action was transferred from the Northern District of Georgia. (Doc. 2.)

of Amended Complaint." Although Plaintiff's filing contains limited reference to an amended complaint, the Court liberally interprets the document to be, in part, a motion for leave to amend his first amended complaint. To the extent the filing is a motion for leave to amend, the motion is moot.

After filing the present motion, Plaintiff filed his Motion for Leave to File a More Definite Statement of Claim. (Doc. 23.) United States Magistrate Judge Brian K. Epps granted the motion (Doc. 24), and Plaintiff filed his second amended complaint on November 14, 2019 (Doc. 25). Accordingly, Plaintiff's subsequent amendment of his complaint moots any need to grant Plaintiff leave to amend herein.

Next, Plaintiff moves for the undersigned and Magistrate Judge Epps to recuse from the present action. Under 28 U.S.C. § 144, a judge shall recuse when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." For the motion to warrant recusal, "the moving party must allege facts that would convince a reasonable person that bias actually exists." Johnson v. Wilbur, 375 F. App'x 960, 965 (11th Cir. 2010) (quoting Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000)). In support of his motion, Plaintiff offers conclusory assertions of non-existent conflicts of interest involving the undersigned and Magistrate Judge Epps

2

with certain defendants to this action. Additionally, Plaintiff cites his lack of success in prior actions before the undersigned and Magistrate Judge Epps as reason for recusal. The fact that Plaintiff's numerous prior actions were unsuccessful, without more, is not justification for recusal under section 144. For these reasons, the undersigned and Magistrate Judge Epps decline Plaintiff's request that they recuse. Therefore, Plaintiff's motion for leave to amend and for recusal (Doc. 15) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of December, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA