IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

20 JUN 12 PM 2: 57

CLERK_____
SO. DIST. OF GA.

BRO T. HESED-EL,                     *
                                     *
        Plaintiff,                   *
                                     *
        v.                           *          CV 119-162
                                     *
ALDRIDGE PITE, LLP; BRAGG &          *
ASSOCIATES REAL ESTATE, LLC;         *
WELLS FARGO BANK N.A.; and           *
FEDERAL NATIONAL MORTGAGE            *
ASSOCIATION,                         *
                                     *
        Defendants.                  *

_____

**O R D E R**

_____

Before the Court are the following motions: (1) Defendants
Federal National Mortgage Association ("Fannie Mae") and Wells
Fargo Bank N.A.'s ("Wells Fargo") motion to dismiss Plaintiff's
second amended complaint (Doc. 28); (2) Defendant Aldridge Pite,
LLP's ("Aldridge Pite") motion to dismiss Plaintiff's second
amended complaint (Doc. 29); (3) Defendant Bragg & Associates Real
Estate, LLC's ("Bragg") motion to dismiss Plaintiff's second
amended complaint (Doc. 30); (4) Plaintiff's motion for leave to
exceed the page limit as to his brief in response to Defendants'
motions to dismiss (Doc. 36); (5) Plaintiff's request for judicial
notice (Doc. 48); and (6) Plaintiff's motion for leave to file his
third amended complaint (Doc. 49).   The Court addresses each
motion.

## I. BACKGROUND

### A. Serial Filer

Plaintiff, proceeding *pro se*, is a serial filer. <u>Hesed-El v. McCord</u>, No. CV 117-146, 2019 WL 5092476, at *1 (S.D. Ga. Oct. 10, 2019) (identifying eleven cases filed over three years). Several of those cases involved the same Defendants and issues as this action. <u>See, e.g.</u>, <u>Hesed-El v. Aldridge Pite, LLP</u>, No. CV 118-005, 2019 WL 1244724, at *1, *3 (S.D. Ga. Mar. 18, 2019) (granting the defendants' joint motion to dismiss); <u>Fed. Nat'l Mortg., Ass'n v. Deoraj</u>, No. CV 117-143, 2017 WL 6028353, at *1 (S.D. Ga. Dec. 5, 2017) (remanding case for lack of subject matter jurisdiction); <u>Lee v. Johnson</u>, No. CV 116-031, Doc. 8, at *1, *3 (S.D. Ga. Apr. 26, 2016) (granting the plaintiff's motion to voluntarily dismiss).

### B. Procedural History

The Court received this transferred case from the United States District Court for the Northern District of Georgia. (Doc. 3.) Plaintiff's initial complaint contained thirteen counts against Defendants. (Compl., Doc. 4, ¶¶ 107-208.) Finding Plaintiff's complaint constituted a forbidden shotgun pleading and impermissibly incorporated factual allegations from external documents, United States Magistrate Court Judge Brian K. Epps ordered Plaintiff to amend his complaint. (Sept. 16, 2019 Order, Doc. 7, at 3-6.) Magistrate Judge Epps granted Plaintiff one

2

opportunity to cure the identified deficiencies. (Id. at 4.) Plaintiff's first amended complaint contained nine counts against Defendants. (First Am. Compl., Doc. 9-1, ¶¶ 48-95.) Plaintiff then requested leave to file a more definite statement. (Doc. 23.) Magistrate Judge Epps granted Plaintiff's motion but, again, cautioned Plaintiff to carefully craft his second amended complaint and refrain from improperly employing affidavits to supplement the factual allegations in the complaint. (Nov. 8, 2019 Order, Doc. 24, at 3.) Plaintiff filed his second amended complaint shortly thereafter. (Second Am. Compl., Doc. 25.) Plaintiff's second amended complaint asserts ten counts against Defendants; several counts contain multiple claims. (Id. ¶¶ 28-77.) Defendants moved to dismiss Plaintiff's second amended complaint. (Def. Wells Fargo's Mot. to Dismiss, Doc. 28; Def. Aldridge Pite's Mot. to Dismiss, Doc. 29; Def. Bragg's Mot. to Dismiss, Doc. 30.)

**C. Factual History**

The case concerns two properties: (1) 3620 Goldfinch Drive, Augusta, Georgia ("Goldfinch Property"), and (2) 2818 Meadowbrook Drive, Augusta, Georgia ("Meadowbrook Property"). (Second Am. Compl., ¶¶ 7, 21.)

1. Goldfinch Property

According to Plaintiff, he purchased the Goldfinch Property on November 30, 2007. (Id. ¶ 7.) Defendant Wells Fargo provided

Plaintiff a loan in the amount of $82,900.00 to purchase the Goldfinch Property. (Id. ¶ 8.) On September 26, 2015, Plaintiff tendered the entire amount of the loan as a payoff. (Id. ¶ 14.) Defendant Wells Fargo later improperly foreclosed on the Goldfinch Property. (Id. ¶¶ 18–20.)

Attachments to Defendant Wells Fargo's motion to dismiss tell a much different story. Plaintiff signed a note in favor of Wachovia Mortgage Corporation ("Wachovia") for $82,900.00 as a mortgage and correspondingly executed a security deed for the Goldfinch Property. (Def. Wells Fargo's Mot. to Dismiss, Exs. A, B, Docs. 28-1, 28-2.) Defendant Wells Fargo also attached a document depicting it as assignee of the security deed in 2012. (Id. Ex. C, Doc. 28-3.)

Following multiple loan modification agreements (id. Exs. D, E, Docs. 28-4, 28-5), approval of a temporary repayment plan (id. Ex. F, Doc. 28-6), and a loan payoff quote provided to Plaintiff upon his request (id. Exs. G, H, Docs. 28-7, 28-8); Plaintiff provided a money order in the amount of $42.00 and an "International Bill of Exchange Money Order" in the amount of $86,467.24 purportedly to be paid out of the United States Treasury. (Id. Ex. I, Doc. 28-9, at 3.) Defendant Aldridge Pite subsequently provided Plaintiff notice of foreclosure as to the Goldfinch Property. (Id. Ex. K, Doc. 28-11.)

### 2. Meadowbrook Property

As for the Meadowbrook Property, Plaintiff contends he came into ownership because the prior owners, Doris E. Deoraj and Hemraj Deoraj, abandoned the property. (Second Am. Compl., ¶¶ 21-23.) Plaintiff claims he assumed ownership of the Meadowbrook Property either on September 16, 2016, or January 11, 2017. (Id. ¶¶ 22-23.)

According to property records, the Deorajs executed a security deed in favor of Wachovia to secure a $35,350.00 loan. (Def. Aldridge Pite's Mot. to Dismiss, Ex. 7, Doc. 29-2, at 113-30.) The Deorajs defaulted on the loan, and Defendant Wells Fargo, after acquiring the loan and security deed through merger with Wachovia, foreclosed on the Meadowbrook Property. (See id. Exs. 8, 9, at 131-39.)

## II. MOTION FOR LEAVE TO EXCEED PAGE LIMIT

The Court first addresses Plaintiff's motion for leave to exceed the Local Rules' page limit. (Mot. for Leave to Exceed Page Limit, Doc. 36.) Specifically, Plaintiff seeks permission to exceed the page limit to respond to all three motions to dismiss in one response. (Id. at 1.)

The Local Rules expressly state, "Absent *prior* permission of the Court, no brief shall exceed twenty-six (26) pages." LR 7.1(a), SDGa (emphasis added). Plaintiff filed the motion to

exceed the page limit after filing the response to the motions to dismiss exceeding the Court's page limit.   Plaintiff, therefore, violated the Court's Local Rules in requesting excess pages.   The Court will consider Plaintiff's response in excess of the page limit this one time but will not tolerate ignorance of the Local Rules in future actions.[1]

### III. MOTION TO TAKE JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice of the alleged fact that Defendant Wells Fargo "is a fraudster."   (Mot. for Judicial Notice, Doc. 48.)   Pursuant to Federal Rule of Evidence 201(b), "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."   Categories of facts appropriate for judicial notice include "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was the president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997).   "While a court has wide discretion to take judicial notice of

---

[1] Plaintiff is reminded that *pro se* litigants are "subject to the relevant law and rules of the Court."   Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

facts, . . . the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204-05 (11th Cir. 2004) (citation and internal quotation marks omitted).

Plaintiff attached several articles discussing litigation and regulatory actions involving Wells Fargo. (See generally Mot. for Judicial Notice, Ex. JN, Doc. 48-1.) Plaintiff, however, does not ask the Court to take judicial notice of any specific litigation or regulatory action. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.") (internal quotation marks omitted). Plaintiff only requests that the Court take judicial notice of the alleged fact that Defendant Wells Fargo is a fraudster. Whether Defendant Wells Fargo is a fraudster is subject to reasonable dispute, and therefore, inappropriate for judicial notice.

## IV. MOTIONS TO DISMISS

Plaintiff's second amended complaint settled on ten counts: (1) breach of contract (Second Am. Compl., ¶¶ 29-35); (2) conversion (id. ¶¶ 37-39); (3) claims under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Georgia Fair Business Practices Act (id. ¶¶ 40-47); (4) negligent

7

misrepresentation and negligence per se (id. ¶¶ 48-55); (5) unjust enrichment (id. ¶¶ 56-57); (6) promissory estoppel (id. ¶¶ 58-60); (7) wrongful foreclosure (id. ¶¶ 61-63); (8) wrongful eviction (id. ¶¶ 64-66); (9) loss of income (id. ¶¶ 67-69); and (10) *respondeat superior* (id. ¶¶ 70-77). Some of the counts contain multiple claims as shown in the Court's analysis. From the face of the complaint, it takes little time to conclude that Plaintiff attempted to assert every legal cause of action he could conjure. Looking deeper, it is apparent Plaintiff's lawsuit is frivolous, and each claim is meritless, exhibiting another instance of Plaintiff's repeated effort to waste the Court's and Defendants' time and resources.[2]

## A. Legal Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court tests the legal sufficiency of the

---

[2] Plaintiff admits that his second amended complaint is a shotgun pleading in his motion for leave to file his third amended complaint. (Mot. for Leave to File Third Am. Compl., Doc. 49, at 4-5.) Also, Plaintiff's second amended complaint contains yet another attachment entitled "Bill of Particulars: Statement of Undisputed Facts." (Second Am. Compl. Attach., Doc. 25-1.) Magistrate Judge Epps warned Plaintiff against filing shotgun pleadings on at least one occasion and against impermissibly using affidavits and other exhibits to bolster the factual allegations in the complaint on at least two occasions. (Sept. 16, 2019 Order, at 3-7; Nov. 8, 2019 Order, at 3.) Plaintiff's refusal to follow the Court's prior Orders is, alone, an independent basis to dismiss Plaintiff's second amended complaint. The foregoing notwithstanding, in recognition of Defendants' willingness to suffer the time and expense of detailing the frivolity of Plaintiff's lawsuit, the Court does the same. Defendants have endured more than enough of Plaintiff's harassment and likely overcame the temptation to submit generic briefs explaining that Plaintiff's second amended complaint should be dismissed simply because it lacks merit. Instead, Defendants thoroughly advocated their positions despite undoubted frustration.

complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of" both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[3] to 'state a claim to relief that is plausible on its face.'" Id. (footnote added) (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements

---

[3] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Although a plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all material elements necessary to sustain a recovery under some viable legal theory." Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Furthermore, "the court may dismiss a complaint pursuant to . . . Rule . . . 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## B. External Documents

Generally, when considering a motion to dismiss pursuant to Rule 12(b)(6), the district court is restrained to consider the allegations within the four corners of the complaint. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). A district court, however, may "consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the

10

plaintiff's claim, and of undisputed authenticity." <u>Hi-Tech</u>
<u>Pharm., Inc. v. HBS Int'l Corp.</u>, 910 F.3d 1186, 1189 (11th Cir.
2018); <u>see also</u> <u>SFM Holdings, Ltd. v. Banc of Am. Sec., LLC</u>, 600
F.3d 1334, 1337 (11th Cir. 2010). Otherwise, if "matters outside
the pleadings are presented to and not excluded by the court," the
district court "must convert the motion to dismiss into a summary
judgment motion." Fed. R. Civ. P. 12(d); <u>SFM Holdings</u>, 600 F.3d at
1337.

Defendants Wells Fargo, Fannie Mae, and Aldridge Pite
attached a substantial volume of documents to their motions to
dismiss. Plaintiff references the various documents in the second
amended complaint, and the documents are central to Plaintiff's
various claims. Attempting to block the Court's consideration of
the external documents, Plaintiff makes the point that "the 'loan
documents' are not central to all of Plaintiff's claims concerning
Goldfinch and Meadowbrook." (Resp. Opp'n Mots. to Dismiss, Doc.
34-1, at 4 (emphasis omitted).) There is, of course, no
requirement that attached documents be central to all of the
asserted claims. If the rule required that the external documents
be central to all claims in a complaint, a plaintiff could
circumvent the rule by asserting superfluous and frivolous causes
of action and then arguing that although the external documents
are central to some claims but not all, the external documents are
improperly considered at the motion to dismiss stage — which

precisely summarizes the circumstances before the Court.   Because
Plaintiff asserts no legitimate challenge to the centrality of the
attached documents to Plaintiff's claims, the Court concludes the
documents are central to Plaintiff's claims and referenced in the
operative complaint.[4]

Without support, Plaintiff disputes the authenticity of the
external documents.   (Resp. Opp'n Mots. to Dismiss, at 5.)
Plaintiff's conclusory and unfounded assertions regarding
authenticity create no legitimate challenge.   Consequently, the
Court may consider the documents attached to Defendants Wells
Fargo, Fannie Mae, and Aldridge Pite's motions to dismiss without
converting the present motions to dismiss into motions for summary
judgment.

## C. Discussion

Turning to the causes of action asserted, the Eleventh Circuit
instructs, "A district court considering a motion to dismiss shall
begin by identifying conclusory allegations that are not entitled
to an assumption of truth."   Randall v. Scott, 610 F.3d 701, 709–
10 (11th Cir. 2010).   The Court begins with asserted causes of

---

[4] To provide some examples, Plaintiff references the Goldfinch Property loan
with Wells Fargo (Second Am. Compl., ¶ 8); the payoff letter and payment (id.
¶¶ 10-12); and letters from Defendant Aldridge Pite (id. ¶ 45.)   The Court
refrains from reciting every example where Plaintiff references documents that
are central to his claims and the corresponding attachments to the motions to
dismiss.   The documents attached, however, depict the history of the Parties
involvement with Plaintiff from the mortgage to foreclosure and eviction,
mirroring Plaintiff's complaint and asserted causes of action.

action that are dismissed at the outset because no well-pleaded factual allegations support them.

### 1. Conclusory Allegations

The Court recognizes that *pro se* pleadings are held to a less stringent standard than those filed by represented parties. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff supports several of his claims with only conclusory allegations that, even when construed liberally, cannot state a claim as a matter of law.

   a. *Violation of Fair Debt Collection Practices Act –*
      *Defendants Wells Fargo and Fannie Mae*

Under Count III, as for the Fair Debt Collection Practices Act ("FDCPA") allegations against Defendants Wells Fargo and Fannie Mae, the Court need not perform a substantive analysis. Although the Court gives Plaintiff's allegations the benefit of the doubt where possible, the FDCPA allegations against Defendants Wells Fargo and Fannie Mae are entirely conclusory. (See, e.g., Second Am. Compl., ¶ 46.) Consequently, Plaintiff's cause of action for violations of the FDCPA against Defendants Wells Fargo and Fannie Mae must be dismissed.

   b. *Violation of Georgia Fair Business Practices Act –*
      *All Defendants*

Also, under Count III, Plaintiff claims all defendants violated the Georgia Fair Business Practices Act ("GFBPA"). Plaintiff offers no specific factual allegations leading to a

plausible inference that the alleged violations actually occurred. Therefore, Plaintiff fails to state a claim for violations of the GFBPA.

### c. *Wrongful Foreclosure - Defendant Wells Fargo*

Plaintiff fails to state a claim for wrongful foreclosure because his complaint merely contains a cursory recitation of the elements. "A plaintiff asserting a claim of wrongful foreclosure must establish (1) a legal duty owed to it by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury [he] sustained, and (4) damages."[5] Burgos v. Sand Canyon Corp., ___ F. App'x ___, 2020 WL 2181877, at *4 (11th Cir. May 6, 2020) (emphasis omitted) (quoting Dixon v. Branch Banking & Tr. Co., 824 S.E.2d 760, 764 (Ga. Ct. App. 2019)). Plaintiff claims that Defendant Wells Fargo breached its duty to satisfy all prerequisites of the contract before foreclosure sales of the Goldfinch and Meadowbrook Properties. Plaintiff's threadbare accusations fail to set forth any specific violated "prerequisite." Therefore, the operative complaint fails to satisfy Federal Rule of Civil Procedure 8 as to the wrongful foreclosure claim.

---

[5] The Parties agree that Georgia law controls Plaintiff's state law claims. (See Def. Wells Fargo's Mot. to Dismiss, at 9; Def. Aldridge Pite's Br. Supp. Mot. to Dismiss, Doc. 29-1, at 13-14; Resp. Opp'n Mots. to Dismiss, at 14.)

d. *Wrongful Eviction – Defendants Wells Fargo, Fannie Mae, and Bragg*

The operative complaint fails to state a claim for wrongful eviction against Defendants Wells Fargo, Fannie Mae, and Bragg. "To state a claim for wrongful eviction, [a] plaintiff[] must allege that a landlord evicted [him] without filing a dispossessory action and obtaining a writ of possession, or without following the dispossessory procedures for handling the tenant's personal property." Fey v. US Bank, N.A., No. 1:17-CV-00626-MHC-WEJ, 2017 WL 4475946, at *8 (N.D. Ga. May 3, 2017) (applying Georgia law). Plaintiff's conclusory allegations are insufficient to state a claim for wrongful eviction against any defendants named under this cause of action.

2. Breach of Contract – Defendant Wells Fargo

Plaintiff's second amended complaint alleges breach of contract only against Defendant Wells Fargo.[6] "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain

---

[6] To the extent Plaintiff attempts to assert a breach of contract claim against the other defendants, Plaintiff fails to state a claim upon which relief can be granted. Because the Court agrees with Defendants that the second amended complaint makes it difficult to determine against which Defendants certain claims are asserted, nearly all of Plaintiff's numerous claims would require a footnote resembling this one. Rather than expending further unnecessary time making a determination regarding which particular Defendants Plaintiff attempted to name under each specific cause of action, if the Court fails to address a particular claim as to a particular defendant, it is understood that, to the extent Plaintiff in fact attempted to assert the discussed cause of action against a defendant, Plaintiff fails to state a claim upon which relief may be granted.

15

about the contract being broken." <u>Kuritzky v. Emory Univ.</u>, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008).

Plaintiff requested a payoff quote for the mortgage attached to the Goldfinch Property. (Def. Wells Fargo's Mot. to Dismiss, Ex. G.)  In response, Defendant Wells Fargo provided Plaintiff the payoff quote establishing Plaintiff owed $86,747.55. (Def. Wells Fargo's Mot. to Dismiss, Ex. H, at 2.)  Plaintiff purportedly paid $42.00 by way of money order and $86,467.24 through an "International Bill of Exchange Money Order." (Def. Wells Fargo's Mot. to Dismiss, Ex. I.)  The International Bill of Exchange appears on its face to be a personal check, paid to the order of "United States Treasury Credit To: Wells Fargo Home Mortgage" and indicates "Deposit United States Treasury Only." (<u>Id.</u> at 3.)  The Court finds no well-pleaded allegations establishing that legal tender was used to pay off the mortgage.  The letter accompanying the "International Bill of Exchange Money Order" specifically references House Joint Resolution 192.  (<u>Id.</u> at 1.)  The Court refrains from spending further time addressing Plaintiff's argument other than directing to decisions reached by other courts in this Circuit that have discussing similar payment instruments. <u>Cf.</u> <u>Emanuel v. United States</u>, Nos. 6:12-cv-1482-Orl-31GJK, 6:09-cr-223-Orl-31GJK, 2013 WL 117892, at *1 (M.D. Fla. Jan. 9, 2013); <u>Nales v. Capital One Auto Fin.</u>, No. 1:10-CV-01884-RWS/AJB, 2010 WL 11647500, at *3 (N.D. Ga. June 23, 2010) ("[The] [p]laintiff's

16

complaint is frivolous."). Under no interpretation of Plaintiff's complaint is it plausible that Plaintiff will establish a breach resulting in damages to him as the party possessing a right to complain about the breach. Plaintiff's breach of contract claim is dismissed as frivolous.[7]

### 3. Conversion - Defendant Wells Fargo

Plaintiff further asserts Defendant Wells Fargo converted the Goldfinch and Meadowbrook Properties and Plaintiff's funds. (Second Am. Compl., ¶¶ 37-39.)

> It has long been established under Georgia law that, in order to make a *prima facie* case of conversion, the plaintiff must prove the following five elements of the tort: (1) proof of ownership or title in the plaintiff to the disputed property . . . ; (2) actual possession of the property by the defendant; (3) demand by the plaintiff for the return of the property; (4) the defendant's refusal to return the property; and (5) the value of the property.

Eleison Composites, LLC v. Wachovia Bank, N.A., 267 F. App'x 918, 923 (11th Cir. 2008) (applying Georgia law). The conversion claim is properly dismissed for several reasons.

First, under Georgia law, "[a]n action for conversion will not lie to recover real property." Kahn v. Britt, 765 S.E.2d 446, 459 (Ga. Ct. App. 2014); accord Levenson v. Word, 668 S.E.2d 763, 765 n.2 (Ga. Ct. App. 2009). Second, "[t]here can be no conversion action for money damages for money, because generally, money is

---

[7] The Court need not address the remainder of Plaintiff's allegations concerning breach of contract as they are similarly frivolous. (See Second Am. Compl., ¶¶ 33-34.)

not subject to a civil action for conversion." <u>Taylor v. Powertel,</u> <u>Inc.</u>, 551 S.E.2d 765, 769–70 (Ga. Ct. App. 2001). Third, to the extent Plaintiff met an exception to the foregoing rule, Plaintiff fails to properly allege that Defendant Wells Fargo converted "property." As noted above, the "International Bill of Exchange" is fictitious currency. Plaintiff fails to state a claim for conversion.

### 4. <u>Violation of Fair Credit Reporting Act – Defendant Wells Fargo</u>

Plaintiff attempts to assert a claim against Defendant Wells Fargo premised on the idea that Defendant Wells Fargo impermissibly reported to credit reporting agencies that Plaintiff failed to pay off the Goldfinch mortgage. (Second Am. Compl., ¶ 41.) The claim is supposedly asserted under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. For the reasons previously stated, Plaintiff failed to remit payment to Defendant Wells Fargo to pay off the loan. Accordingly, Plaintiff's asserted claim that Defendant Wells Fargo inaccurately made credit reportings after receiving Plaintiff's artificial payment cannot succeed.

### 5. <u>Violation of Fair Debt Collection Practices Act – Defendant Aldridge Pite</u>

Under Count III of Plaintiff's second amended complaint, Plaintiff claims entitlement to damages for several defendants'

violations of the FDCPA.[8]  (Second Am. Compl., ¶¶ 45-46.)  As for Defendant Aldridge Pite, it not only "implied the involvement of an attorney" (Second Am. Compl., ¶ 45), it expressly made known its participation as foreclosure counsel.  (Def. Aldridge Pite Mot. to Dismiss, Ex. 3, Doc. 29-2, at 21-101.)  Second, as Defendant Aldridge Pite correctly notes, an FDCPA violation requires debt collection.  (Def. Aldridge Pite Br. Supp. Mot. to Dismiss, Doc. 29-1, at 15-17.)  Foreclosure counsel's nonjudicial foreclosure on a security interest is not debt collection under the FDCPA as a matter of law.  See Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1036-37 (2019); Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009); Tucker v. McCurdy & Candler, No. 2:12-CV-00184-RWS, 2013 WL 1943434, at *3 (N.D. Ga. May 8, 2013).

### 6. Negligent Misrepresentation – Defendant Wells Fargo and Negligence Per Se – All Defendants

Under Georgia law, the elements for negligent misrepresentation are "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." Next Century Commc'ns Corp. v. Ellis, 318 F.3d 1023, 1030 (11th Cir. 2003) (applying Georgia law); see also Lafontaine v.

---

[8] The Court previously addressed Plaintiff's FDCPA claims against other named defendants.  See Section IV(C)(1)(a), supra.

Alexander, 808 S.E.2d 50, 55 (Ga. Ct. App. 2017) ("The elements of
a negligent misrepresentation claim are (1) a false representation
o[r] omission of a material fact; (2) scienter; (3) intention to
induce the party claiming fraud to act or refrain from acting; (4)
justifiable reliance; and (5) damages."). As for Plaintiff's
negligence per se claim, unlike common law negligence, "negligence
per se supplies only the duty and breach of duty elements of a
tort, and the plaintiff[] must still prove a causal connection
(proximate cause) between the breach of [a] statutory duty and the
injuries sustained . . . , as well as . . . damages." Cent.
Anesthesia Assocs., P.C., 333 S.E.2d 829, 831 (Ga. 1985).

Nothing in Plaintiff's complaint states a claim for negligent
misrepresentation or negligence per se against Defendant Wells
Fargo. The alleged misrepresentation was Defendant Wells Fargo's
payoff letter stating that it would apply funds provided by
Plaintiff to the debt. In the documents, the Court finds no
representation from Wells Fargo asserting that it would apply
invented currency to Plaintiff's mortgage. Furthermore, to the
extent it can be said Defendant Wells Fargo made such a
representation — which it did not — any reliance Plaintiff placed
on that representation would be unreasonable as a matter of law.
Finally, Plaintiff's complaint fails to allege a breach of a duty
Defendant Wells Fargo owed him and alleges no statutory violation
to support a negligence per se claim. In sum, Plaintiff's

assertions of negligent misrepresentation and negligence per se against Defendant Wells Fargo are a far cry from stating a claim.

Turning to the remaining defendants, Plaintiff fails to state a claim for negligence per se. For the reasons contained herein, Plaintiff fails to state a claim for the statutory violations supposedly upholding Plaintiff's negligence per se claims. Also, the second amended complaint lacks any attempt to allege the breach of a duty against the remaining defendants. For these reasons, Plaintiff's accusations of negligence per se against the remaining defendants are conclusory and insufficient to state a claim.

### 7. Unjust Enrichment – All Defendants

"[T]he essential elements of the claim of unjust enrichment, under Georgia law, are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust." Chartis Ins. Co. of Can. v. Freeman, No. CV 111-193, 2013 WL 12121864, at *6 (S.D. Ga. Mar. 18, 2013) (applying Georgia law). "Unjust enrichment is an equitable principle that may apply when there is no legal contract between the parties." Ceasar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 374 (Ga. Ct. App. 2013). When a plaintiff asserts a cause of action for unjust enrichment premised on foreclosure, but the foreclosure occurred subject to a security deed — as is the case here between Plaintiff and Defendant Wells

21

Fargo — the claim for unjust enrichment is precluded as a matter of law.  Id.

Additionally, the second amended complaint contains no allegations establishing a benefit conferred to the remaining defendants.  Defendant Wells Fargo foreclosed on the Goldfinch and Meadowbrook Properties and subsequently purchased the properties out of foreclosure.  Therefore, no unjust enrichment claim against the remaining defendants may proceed.

8.  Promissory Estoppel – Defendant Wells Fargo

The Georgia Court of Appeals recently reiterated the promissory estoppel elements: "(1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise . . . ."  Gryder v. Conley, 836 S.E.2d 120, 127 (Ga. Ct. App. 2019).  According to Plaintiff, Defendant Wells Fargo's payoff letter contained the promise that Defendant Wells Fargo would release Plaintiff's mortgage obligation.  (Second Am. Compl., ¶ 58.)  Plaintiff's allegations specifically omit any mention that Defendant Wells Fargo required, like in all other loans, actual payment in real currency for the payment to apply to Plaintiff's mortgage.  It is well established at this point that Plaintiff failed to pay off

the loan. Accordingly, Plaintiff fails to allege facts establishing entitlement to recover for promissory estoppel.

### 9. Loss of Income – All Defendants

Loss of income is not an independent cause of action. Rather, loss of income is a category of recovery. Moreover, Plaintiff may not recover loss of income absent a finding of liability. Because all of Plaintiff's causes of action fail to state a claim, he is not entitled to damages as a matter of law.

### 10. *Respondeat Superior* – All Defendants

"'Under the doctrine of *respondeat superior*, an employer's liability is purely derivative of its employee's liability'; thus, where the claim against the employee fails, so must the claim against the employer." Lewis v. Stewart, No. 5:18-cv-00110-TES, 2018 WL 6046832, at *6 (M.D. Ga. Nov. 19, 2018) (quoting Am. Material Servs., Inc. v. Giddens, 675 S.E.2d 540, 543 (Ga. Ct. App. 2009)). It is unclear if Plaintiff asserts that Defendants Fannie Mae and Wells Fargo are vicariously liable for the conduct of their employees or for the conduct of Defendants Aldridge Pite and Bragg. If the latter, Plaintiff has failed on each claim against Defendants Aldridge Pite and Bragg; therefore, Plaintiff's claim for *respondeat superior* against Defendants Wells Fargo and Fannie Mae on this theory fails. If the former, Plaintiff fails to allege any conduct of any of Defendants' employees establishing liability to sustain a claim of *respondeat superior*.

### V. MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Following substantive briefing regarding Defendants' motions to dismiss Plaintiff's second amended complaint, Plaintiff filed his motion for leave to file his third amended complaint. (Mot. for Leave to File Third Am. Compl., Doc. 49.) Plaintiff's motion for leave to amend is denied on numerous grounds.

#### A. Legal Standard

Plaintiff may no longer amend his complaint as a matter of course. See FED. R. CIV. P. 15(a)(1). Therefore, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Id. 15(a)(2). Defendants expressly object to Plaintiff's motion for leave to file his third amended complaint. (Def. Aldridge Pite's Resp. Opp'n Mot. for Leave to File Third Am. Compl., Doc. 51; Defs. Fannie Mae and Wells Fargo's Resp. Opp'n Mot. for Leave to File Third Am. Compl., Doc. 52.) Therefore, Plaintiff may only amend with the Court's leave.

The Court should freely give leave when justice so requires. FED. R. CIV. P. 15(a)(2). District courts, however, are given "extensive discretion" to decide whether to allow an amended complaint. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising the aforementioned discretion, the Eleventh Circuit has set forth five factors for district courts to consider: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies

24

by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." Seiger ex rel. Seiger v. Philipp, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009)).

Defendant Aldridge Pite argues that the motion for leave to file a third amended complaint is improper due to undue delay, bad faith, and futility. (Def. Aldridge Pite's Resp. Opp'n Mot. for Leave to File Third Am. Compl., at 3–12.) Defendants Wells Fargo and Fannie Mae join Defendant Aldridge Pite to object to Plaintiff's motion for leave to amend on futility grounds and include argument that Plaintiff's motion for leave to amend should be denied because Plaintiff repeatedly failed to cure deficiencies in previous amendments and Defendants will suffer undue prejudice. (Defs. Fannie Mae and Wells Fargo's Resp. Opp'n Mot. for Leave to File Third Am. Compl., at 4–9.)

**B. Discussion**

Each Seiger factor independently provides reason to deny Plaintiff's motion for leave to amend.

**1. Undue Delay**

First, the Court denies Plaintiff's motion for leave to amend for undue delay. "A district court may find undue delay when the movant knew of facts supporting the new claim long before the

movant requested leave to amend, and amendment would further delay the proceedings." Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1186 (11th Cir. 2013), *overruled on other grounds by* CSX Transp., Inc. v. Gen. Mills, Inc., 846 F.3d 1333, 1340 (11th Cir. 2017). But "[t]he lengthy nature of litigation," without more, "does not justify denying the plaintiff[] the opportunity to amend [his] complaint." Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001).

Although the case is relatively young, Plaintiff knew of the facts giving rise to the third amended complaint long before the present motion for leave to amend. Count I of Plaintiff's proposed third amended complaint contends Defendant Wells Fargo failed to credit the money order payment of $42.00 to Plaintiff's account. Plaintiff knew of this alleged fact at the time of all prior complaints. Plaintiff, instead, focused on a fictitious payment. Because Plaintiff knew he filed a frivolous second amended complaint at the time, the Court is not inclined to give Plaintiff a fourth bite at the apple.

Plaintiff also includes a new theory of recovery in the proposed third amended complaint (Proposed Third Am. Compl., Doc. 49-1, ¶¶ 68-73, 77) despite attempting to assert approximately thirteen causes of action in the second amended complaint. In the second amended complaint, Plaintiff included claims for negligent misrepresentation and negligence per se. Now, Plaintiff strives

26

to substitute a claim for negligence alleging facts known long before the present motion.  The Court is not required to endorse a cat-and-mouse-game in which Defendants exert time and resources establishing Plaintiff fails to state a claim only to be undone by Plaintiff's everchanging theories of recovery.  See Tampa Bay Water, 731 F.3d at 1186 (citation omitted) (noting that a court may refuse a request for leave to amend when a plaintiff, based upon facts previously known, proposes an amendment "involv[ing] new theories of recovery").  As a result of Plaintiff's undue delay, his motion for leave to amend is denied.

### 2. Bad Faith

Second, Plaintiff is not entitled to further amend his complaint due to bad faith.  Plaintiff acknowledges that his second amended complaint is a shotgun pleading.  Yet, Plaintiff waited until after Defendants expended resources fully briefing their motions to dismiss Plaintiff's shotgun pleading before moving to amend.  Plaintiff continues to advance frivolous theories in the proposed third amended complaint, and therefore, the Court finds Plaintiff's attempt to amend again is in bad faith.

### 3. Repeated Failure to Cure Deficiencies

Third, Plaintiff's motion for leave to amend is denied because Plaintiff continuously failed to cure deficiencies in prior amendments.  A plaintiff's "repeated failure to cure deficiencies by previous amendments is an explicitly permitted reason for which

the district court [is] entitled to deny [a] motion to amend."
Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)
(citation and internal quotation marks omitted).  At the outset,
as mentioned previously, Plaintiff acknowledges that his second
amended complaint qualifies as an impermissible shotgun pleading.
Plaintiff received three opportunities to file a complaint in
compliance with Rule 8,[9] and the filing of shotgun pleadings
following his initial complaint directly violated Magistrate Judge
Epps's Sept. 16, 2019 Order.  The Court has little reason to
believe allowing continued amendments will achieve a compliant
complaint.  Cf. Ullah v. Pagan, No. 4:18cv350-RH/MJF, 2020 WL
1042154, at *2 (N.D. Fla. Mar. 4, 2020) ("[T]he likelihood that
the plaintiff could amend to cure the complaint's
deficiencies . . . is low.").

Further to the point, Magistrate Judge Epps entered multiple
Orders pointedly prohibiting Plaintiff's practice of filing
piecemeal complaints incorporating affidavits.  Notwithstanding
the prior Orders, Plaintiff's second amended complaint
incorporated yet another "Bill of Particulars." (Second Am. Compl.
Attach., Doc. 25-1, at 2-8.)  Even still, Plaintiff continues his

---

[9] In total, including past lawsuits against the same defendants, Plaintiff
filed, received permission to file, was ordered to file, or requested leave to
file complaints and amended complaints nine times.  (See Compl.; First Am.
Compl.; Second Am. Compl.; Mot. for Leave to File Third Am. Compl.; CV 118-005,
Compl., Doc. 1; CV 118-005, Mot. for Leave to File Am. Compl., Doc. 21; CV 118-
005, Second Mot. for Leave to Am. Compl., Doc. 34; CV 116-031, Verified Compl.,
Doc. 1; CV 116-031, Mot. to Amend/Correct, Doc. 4.).

practice of filing affidavits in support of his proposed third amended complaint. (Aff. Supp. Proposed Third Am. Compl., Doc. 50; Second Aff. Supp. Proposed Third Am. Compl., Doc. 55.) Plaintiff's repeated, willing defiance of Magistrate Judge Epps's Orders establishes Plaintiff's refusal to cure identified deficiencies. See Bloom v. Alvereze, 498 F. App'x 867, 884 (11th Cir. 2012) ("After a district court grants an opportunity to amend and identifies the pleading's deficiencies, if the plaintiff fails to submit a proper pleading, dismissal with prejudice is appropriate.").

    4. Undue Prejudice

    Fourth, allowing Plaintiff's third amended complaint would perpetuate Plaintiff's prejudice to Defendants. In addition to the undue delay analysis, undue "[p]rejudice is likely to exist if the amendments involve new theories of recovery." Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015). As previously discussed, Plaintiff's proposed third amended complaint is the fourth pleading asserting new causes of action not present in the pleading before. Additionally, despite the relatively early stage of this case, Defendants have endured four years of litigation at Plaintiff's hand over the course of several lawsuits. Here, Defendants seriously defended against Plaintiff's meritless second amended complaint, and the law does not mandate that they continue to do so.

5. Futility

Fifth, Plaintiff's proposed third amended complaint is futile.

> "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) . . . . To determine if the proposed amendment is still subject to dismissal, a court accepts the facts pleaded in the proposed amended complaint as true and construes them in the light most favorable to the plaintiff. See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004).

Hall v. One Point Fin. LLC, No. 1:09-CV-1458-WBH-AJB, 2009 WL 10669420, at *2 (N.D. Ga. Nov. 24, 2009). Although pro se plaintiffs are generally given at least one opportunity to amend, the court is not required to grant leave to amend if granting the amendment would be futile. Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019) (citing Woldeab v. DeKalb Cty. Bd. of Educ., 885 F.3d 1289, 1291-92 (11th Cir. 2018)); see also Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002).

Initially, the Court notes that Plaintiff, although pro se, seeks to file his third amended complaint, not his first. Second, the Eleventh Circuit has firmly concluded that a plaintiff's refusal to follow a Court's prior order granting the plaintiff an opportunity to amend to cure identified deficiencies justifies

dismissing the complaint with prejudice.  Bloom, *supra*.  Therefore, Plaintiff's filing of multiple shotgun pleadings and affidavits attempting to bolster the allegations in his various complaints, contravening Magistrate Judge Epps's specific Orders proscribing both practices, independently renders Plaintiff's proposed third amended complaint futile.

Next, upon reviewing Plaintiff's proposed third amended complaint, and accepting the facts alleged therein as true where necessary, Plaintiff still fails to state a claim to relief.

a. *Count I – Violation of the Fair Credit Reporting Act*

The FCRA "insure[s] that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681(a)(4).  The FCRA "impose[s] similar duties on persons who furnish credit information to consumer reporting agencies." Dotson v. Midland Credit Mgmt., Inc., No. CV 210-017, 2010 WL 11474066, at *2 (S.D. Ga. July 29, 2010) (citing 15 U.S.C. § 1681s-2).  Any claim against Defendant Wells Fargo for false reporting to consumer reporting agencies under section 1681s-2 is restricted to subsection (b), the statute's private right of action.  Chipka v. Bank of Am., 355 F. App'x 380, 383 (11th Cir. 2009).  To the extent Defendant Wells Fargo had a duty to revise its reporting to consumer reporting agencies, the duty arose only after Defendant Wells Fargo received notice from the consumer reporting agency of

the dispute.  Dotson, 2010 WL 11474066, at *3 (citing 15 U.S.C.
§§ 1681s-2(b); 1681i(a)(2); Davis v. World Fin. Network Nat'l
Bank, No. 3-09-CV-0860-N, 2009 WL 4059202, at *4 (N.D. Tex. Nov.
20, 2009)).  As such, "notice from a consumer reporting agency" to
the furnisher of the credit information "is an essential element"
of the claim.  Id.

Plaintiff's proposed third amended complaint offers no
allegation that he complained to any credit reporting agency
regarding the allegedly false information.  Plaintiff alleges that
he notified Defendant Wells Fargo of the inaccuracy.  (Proposed
Third Am. Compl., ¶ 48.)  Under the FCRA, however, Defendant Wells
Fargo's duty to investigate the alleged inaccuracy of reporting is
not triggered until it receives notice from the credit reporting
agencies.  Plaintiff's failure to assert any allegations related
to this required notice merits dismissal.  Dotson, 2010 WL
11474066, at *3 ("[The] [p]laintiff does not even allege that he
sent notice to any consumer reporting agency disputing the
information furnished by the [the defendant].   [The]
[p]laintiff[,] therefore[,] fails to allege an 'essential element'
of a claim for relief under 15 U.S.C. § 1681s-2(b). . . .  The
Court[,] therefore[,] grants [the defendant]'s motion to dismiss
[the] [p]laintiff's claim that [the defendant] violated its duties
as a furnisher of information under 15 U.S.C. § 1681s-2.")
(emphasis omitted) (internal citation omitted).

### b. *Count II – Violation of the Fair Debt Collection Practices Act*

Plaintiff adds nothing to impact the Court's analysis in connection with Defendant Aldridge Pite's motion to dismiss Plaintiff's second amended complaint. Plaintiff's claim for Defendant Aldridge Pite's alleged violations of the FDCPA contained in the proposed third amended complaint is futile for the reasons previously discussed.

### c. *Count III – Wrongful Foreclosure*

In the proposed third amended complaint, Plaintiff attempts to expand upon the conclusory allegations in the second amended complaint with alleged facts Plaintiff already knew at the time of all earlier complaints. Still, the majority of Plaintiff's allegations are conclusory. To the extent Plaintiff does make factual allegations regarding mailing, the documents filed in connection with Defendants' motions to dismiss, and properly considered by the Court, directly reveal the frivolity of Plaintiff's claim.

### d. *Count IV – Wrongful Eviction*

Plaintiff's claim for wrongful eviction is scattered and unfocused. It is difficult to interpret exactly what Plaintiff asserts is the unlawful action. Nevertheless, the Court previously laid out the elements necessary to state a claim for wrongful eviction, and the properly considered documents attached to

Defendants' motions to dismiss establish that no interpretation of Plaintiff's allegations allows him to prevail on the claim.

     e. *Count V - Negligence and Negligence Per Se*

Plaintiff's negligence and negligence per se claims in the proposed third amended complaint (1) allege the same wrongdoing in other counts, which the Court already concluded were not unlawful as pleaded; (2) contain the same allegations asserted in the second amended complaint under Plaintiff's "negligent misrepresentation and negligence per se" count, which the Court found failed to state a claim to relief; or (3) lack allegations establishing the breach of a valid duty to sustain a claim for negligence.

For these reasons, even accepting the allegations in Plaintiff's proposed third amended complaint as true, the complaint is due to be dismissed.[10] As a result, Plaintiff's motion for leave to file his third amended complaint is also denied on futility grounds because the proposed third amended complaint fails to state a claim.

## VI. FRIVOLITY BOND

In <u>Hesed-El v. Poff</u>, Magistrate Judge Epps recommended that "for the next six[] months, [Hesed-El] should be barred from filing any more lawsuits until he first posts a $100 frivolity

---

[10] Plaintiff repeats his claim for vicarious liability dismissed in Plaintiff's second amended complaint.  For the same reasons, Plaintiff fails to state a claim for vicarious liability.

bond . . . .   Should that not deter [Hesed-El] from his baseless filings, the Court may impose stronger filing restrictions in the future." No. CV 118-079, 2018 WL 2465191, at *3 (S.D. Ga. June 1, 2018).   The Court adopted Magistrate Judge Epps's Report and Recommendation imposing the $100 frivolity bond. Hesed-El v. Poff, No. CV 118-079, 2018 WL 3077790, at *1 (S.D. Ga. June 21, 2018).

As shown in Section I(A), *supra*, the frivolity bond did little to deter Plaintiff's filing of frivolous lawsuits.   Therefore, the Court imposes stronger filing restrictions pursuant to its prior cautionary note.   For one year from the date of this Order, Plaintiff shall be required to post a $200 frivolity bond with the Clerk of Court before filing any future lawsuit from which the Clerk will subtract $200 should the lawsuit prove frivolous.

## VII. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for leave to exceed the page limit as to his brief in response to Defendants' motions to dismiss (Doc. 36) is **GRANTED**;

(2) Plaintiff's request for judicial notice (Doc. 48) is **DENIED**;

(3) Defendants Wells Fargo and Fannie Mae's motion to dismiss Plaintiff's second amended complaint (Doc. 28) is **GRANTED**;

(4) Defendant Aldridge Pite's motion to dismiss Plaintiff's second amended complaint (Doc. 29) is **GRANTED**;

(5) Defendant Bragg's motion to dismiss Plaintiff's second amended complaint (Doc. 30) is **GRANTED**;

(6) Plaintiff's motion for leave to file his third amended complaint (Doc. 49) is **DENIED**;

(7) For one year from the date of this Order, Plaintiff shall file a $200 frivolity bond with the Clerk of Court at or before the time of filing a lawsuit on his behalf or on behalf of any other party associated with Plaintiff contained in one of the cases discussed in Section I(A), *supra*. If the case is transferred into the Southern District of Georgia from another United States District Court, Plaintiff shall pay the $200 frivolity bond within thirty days of the Court's receipt of the case. Should Plaintiff fail to comply with the frivolity bond requirements herein, the Court **ORDERS** that the lawsuit shall be dismissed immediately at the time Plaintiff's deadline to pay the frivolity bond expires. Should the increased frivolity bond not deter Plaintiff's meritless filings, the Court will again consider stricter sanctions.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff; **TERMINATE** all remaining motions and deadlines, if any; and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of June, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA