IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| BRO T. HESED-EL, | * | |
| Plaintiff, | * | |
| v. | * | CV 119-162 |
| ALDRIDGE PITE, LLP; BRAGG & ASSOCIATES REAL ESTATE, LLC; WELLS FARGO BANK N.A.; and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | * | |
| Defendants. | * | |

O R D E R

Since the entry of the Court's June 12, 2020 Order dismissing Plaintiff's claims against Defendants, Plaintiff has filed the following motions: (1) Plaintiff's motion for post-judgment relief (Pl.'s Mot. for Post-J. Relief, Doc. 63); (2) Plaintiff's request for leave to amend motion for post-judgment relief (Doc. 65)[1]; (3) Plaintiff's objection and request for hearing on judicial notice (Doc. 69); (4) Plaintiff's request for judicial notice (Doc. 73); (5) Plaintiff's motion for leave to file second originals (Doc.

---

[1] Plaintiff filed a request for leave to amend his motion for post-judgment relief to correct a citation. (Doc. 65.) The Court considered the corrected citation when reviewing Plaintiff's motion for post-judgment relief; thus, there is no need for Plaintiff to file an amended motion.

78)[2]; (6) Plaintiff's second request for judicial notice (Doc. 81); (7) Plaintiff's third request for judicial notice (Doc. 88); and (8) Plaintiff's fourth request for judicial notice (Doc. 92). The factual and procedural history is outlined in the Court's prior Order. (See June 12, 2020 Order, Doc. 61, at 2-5.) Plaintiff continues to waste the Court's and Defendants' time, energy, and resources. Reluctantly, the Court addresses Plaintiff's motions below.

## I. MOTION FOR POST-JUDGMENT RELIEF

Plaintiff requests reconsideration of the Court's June 12, 2020 Order under both Federal Rule of Civil Procedure 59(e)[3] and 60(b). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV 206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007) (citations omitted). Here, Plaintiff is proceeding under the theory that the Court must correct a clear error or prevent manifest injustice. (See Doc. 82, at 4.)

---

[2] The Court reviewed Plaintiff's motion and finds that his attached reply ("second originals") is futile to his claim. Thus, his motion for leave to file second originals (Doc. 78) is **DENIED**.
[3] Plaintiff's motion was timely filed within 28 days as required under Rule 59(e).

2

Rule 60(b) allows courts to "relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" Marques v. JP Morgan Chase, N.A., 805 F. App'x 668, 671 (11th Cir. 2020) (quoting FED. R. CIV. P. 60(b)). Plaintiff asserts relief should be granted under Subsections (b)(1), (b)(3), (b)(5), and (b)(6). (See Pl.'s Mot. for Post-J. Relief, at 5.)

The Eleventh Circuit has previously distinguished Rule 59(e) motions from Rule 60(b) motions. See Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir. 1988) (drawing "a substantive/collateral distinction"); Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (explaining the substantive/collateral distinction in *Finch* "is not the only potentially applicable distinction between Rule 59 and Rule 60 reconsideration motions"). However, Plaintiff's burden under each Rule is essentially the same.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an

3

appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

As discussed below, Plaintiff has failed to show reconsideration is justified under either Rule. Thus, Plaintiff's motion for post-judgment relief is **DENIED** and this case remains **CLOSED**.

### A. Motion to Amend

Plaintiff alleges "[a]lthough the *Seiger* factors were mentioned by name in the dismissal order, in substance, the district court did not base its denial of leave to amend on any of those factors." (Pl.'s Mot. for Post-J. Relief, at 4.) Plaintiff argues that instead the Court denied his request because (1) Plaintiff disobeyed Magistrate Judge Epps's Order, and (2) the Court found that Defendants' external documents contradicted Plaintiff's proposed third amended complaint.[4] (Id.)

First, the Court based its decision to deny Plaintiff's motion to amend on several grounds. (See June 12, 2020 Order, at 24-34). In ten pages of analysis, the Court outlined each *Seiger* factor and explained that even if the Court did allow Plaintiff to file his proposed third amended complaint, he still failed to state a claim. As this Court previously stated, each *Seiger* factor independently provided reason to deny Plaintiff's motion for leave to amend, and the Court found *all* the factors weighed in favor of denying Plaintiff's motion. To assert that the Court "did not

---

[4] The Court will address Plaintiff's external documents argument in the following section.

5

base its denial . . . on any of those factors" is unsound, given the detailed explanation of each factor in its Order. (See Pl.'s Mot. for Post-J. Relief, at 4.) Plaintiff merely disagrees with the Court's analysis, which does not justify reconsideration. Thus, the Court will not discuss each Seiger factor again now.

Additionally, Plaintiff argues he misunderstood Magistrate Judge Epps's Order and did not intentionally disobey his Order. (Pl.'s Br. in Supp., Doc. 64, at 9.) Even if this is true, it does not change the outcome of the Court's June 12, 2020 Order. The Court gave Plaintiff multiple chances to file a satisfactory complaint and liberally construed his claims when analyzing Defendants' motion to dismiss. That is all the Court is required to do. See Tennyson v. ASCAP, 477 F. App'x 608, 609-10 (11th Cir. 2012) ("[A] *pro se* party must follow the rules of procedure . . . and the district court has no duty to act as [his] lawyer." (internal citation and quotations omitted)). Moreover, the Court did review Plaintiff's proposed third amended complaint and found that it failed to state a claim. (See June 12, 2020 Order, at 31-34.) Therefore, Plaintiff has failed to show reconsideration is warranted for clear error under Rule 59(e), "mistake" under Rule 60(b)(1), or the catch-all provision under Rule 60(b)(6).

### B. Consideration of Defendants' Exhibits

In addition, Plaintiff argues the Court improperly considered the documents attached to Defendants' motions to dismiss. (Pl.'s

6

Br. in Supp., at 9.)  The Court specifically addressed this issue in its prior Order.  (See June 12, 2020 Order, at 10-12.)  Again, Plaintiff merely disagrees with the Court's analysis.  He presents no compelling argument why the Court should reconsider what it has already decided.

Moreover, as the Court noted in its prior Order, Plaintiff's refusal to follow Magistrate Judge Epps's Orders was, alone, an independent basis to dismiss Plaintiff's second amended complaint.  (See Id. at 8, n.2.)  The Court only exceeded the necessary analysis because Defendants had already suffered the time and expense of detailing the frivolity of Plaintiff's lawsuit.  Further, the Court hoped its detailed Order would deter Plaintiff from filing additional frivolous motions.  Clearly, it did not.  The Court refuses to spend anymore of its time and resources repeating itself.

### C. Misrepresentations by Wells Fargo

Plaintiff also argues reconsideration is justified under Rule 60(b)(3) for "the misrepresentations of Wells Fargo that it loaned Plaintiff money to purchase a home." (Pl.'s Mot. for Post-J. Relief, at 5.)  However, Plaintiff does not cite any case law or legal authority in his motion, brief in support, or replies as to why relief should be granted.  Moreover, this Court has explained to Plaintiff in the past that alleged fraud going to the merits of the lawsuit is not the conduct contemplated in Rule 60(b)(3).  See

7

Hesed-El v. McCord, No. CV 117-146, 2019 WL 5092476, at *2 (S.D. Ga. Oct. 10, 2019).

### D. Frivolity Bond

Finally, Plaintiff argues that "[u]nder Rule 60(b)(5) [he] should be relieved from any frivolity bond because enforcing it is no longer equitable . . . ." (Pl.'s Mot. for Post-J. Relief, at 5.) Again, Plaintiff fails to support his claim with legal analysis. If anything, Plaintiff's motions further prove the need for such frivolity bond. Thus, reconsideration under Rule 60(b)(5) is not justified.

### II. Plaintiff's Requests for Judicial Notice[5]

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Categories of facts appropriate for judicial notice include: "(1) scientific facts: for instance, when does the sun

---

[5] Plaintiff also filed an "Objection and Request for Hearing on Judicial Notice." (Doc. 69.) Plaintiff states he "objects to the taking of judicial notice of the defendants' external documents." (Id. at 2.) Plaintiff further states "it appears that the district court took judicial notice of those disputed documents attached to the defendants' MTD, and it also appears that AP has requested judicial notice again." (Id. at 1.) This Court did not take judicial notice of any of Defendants' documents. Moreover, Defendant Aldridge Pite, LLP did not request for this Court to do so. (See Doc. 76, at 2 n.1.) Thus, Plaintiff's motion is **DENIED**.

8

rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was the president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). "While a court has wide discretion to take judicial notice of facts, . . . the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC, 369 F.3d 1197, 1204-05 (11th Cir. 2004) (citation and internal quotation marks omitted).

Following his motion for post-judgment relief, Plaintiff filed an additional four motions requesting the Court to take judicial notice of various "facts." (See Docs. 73, 81, 88, 92.) Rule 201(d) allows courts to take judicial notice "at any stage of the proceeding." Because this case remains closed, the Court finds no reason to take judicial notice of any of the "facts" brought forth in Plaintiff's motions. Thus, Plaintiff's motions to take judicial notice (Docs. 73, 81, 88, 92) are **DENIED AS MOOT**.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that: (1) Plaintiff's motion for post-judgment relief (Doc. 63) is **DENIED**; (2) Plaintiff's request for leave to amend motion for post-judgment relief (Doc. 65) is **DENIED**; (3) Plaintiff's objection and request for hearing on judicial notice (Doc. 69) is **DENIED**; (4) Plaintiff's

request for judicial notice (Doc. 73) is **DENIED AS MOOT**; (5) Plaintiff's motion for leave to file second originals (Doc. 78) is **DENIED**; (6) Plaintiff's second request for judicial notice (Doc. 81) is **DENIED AS MOOT**; (7) Plaintiff's third request for judicial notice (Doc. 88) is **DENIED AS MOOT**; and (8) Plaintiff's fourth request for judicial notice (Doc. 92) is **DENIED AS MOOT**.

In the interest of judicial economy and because his post-judgment filings in this case are repetitious, frivolous, and vexatious, Plaintiff is precluded from filing any further post-judgment motions in this case.

The Clerk is **DIRECTED** to **TERMINATE** all remaining motions and deadlines, if any. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA